Louis L. Friedman, J.
Plaintiff moves for a temporary injunction restraining the defendants from owning, managing, operating or otherwise conducting a launderette business at 618 Marcy Avenue, Brooklyn, and from soliciting or attempting to solicit any of the customers who patronize the plaintiff at his place of business at 215 Pulaski Street, Brooklyn. By way of cross motion, defendants move to dismiss the complaint for failure to state a cause of action.
The second motion will be considered first, since if the complaint is dismissed, there will be no necessity for determining the motion for a temporary injunction.
The complaint sets forth facts which, summarized, allege that plaintiff and defendant Rebecca Goldfeder entered into a contract wherein and by which plaintiff bought from the said defendant Rebecca Goldfeder the launderette business located at 215 Pulaski Street, for the price of $7,000; that the purchase *115 of such business was conditioned upon the weekly receipts therefrom and that a test period of one week was held by the parties; that the bill of sale executed and delivered at the time of the transfer of title contained a restrictive covenant wherein and by which the said Bebecca Goldfeder agreed that she “ will not re-establish, re-open, be engaged in, nor in any manner whatsoever become interested in, directly or indirectly, either as employee, as owner, as partner, as agent, or as stockholder, director or officer of a corporation, or otherwise, in any business, trade or occupation similar to the one hereby sold, within the following area, bounded five square blocks for a term of five years from the date of these presents.” The complaint further alleges that three weeks after making such covenant, the said Bebecca Goldfeder did re-establish a launderette business at 618 Marcy Avenue, which was within the restricted area; that the said store was opened in the name of said defendant’s husband for the purpose of avoiding said defendant’s obligations under said agreement; that plaintiff’s customers have been solicited, and that by reason thereof plaintiff has suffered irreparable damage and has no adequate remedy at law. The prayer for relief asks for an injunction, both permanent and temporary. The court has come to the conclusion that the complaint states a good cause of action for an injunction, and the motion to dismiss is denied.
Considering therefore the original motion for an injunction, the court is requested to deny such relief for the reason that the defendant husband never entered into the agreement previously referred to, and he therefore should not be bound thereby, even though it is admitted that his wife did sell the aforesaid business. It is further argued by defendant that the temporary injunction should not be granted because the new business is not within the five-block area referred to in the restrictive covenant aforesaid.
Disposing first of the second contention of the defendant, an examination of the survey submitted to the court upon the argument of the motion indicates that the place where defendant opened his new business, to wit, at 618 Marcy Avenue, may be reached by walking three blocks from the store which plaintiff purchased. Although defendants argue that the court must attribute a certain number of feet to each block and may not extend such measurement, such argument is rejected since the court has come to the conclusion that the use of the words 66 five square blocks ” contemplates an area which would encompass a greater field than the three-block actual walking distance between the two stores in question.
*116 Considering the first of defendant’s arguments, that too is rejected because there seems to be no question in the court’s mind that the restrictive covenant, to which the defendant wife agreed and in which she restricted herself, directly and indirectly, contemplates the opening of a business in the name of her husband.
The motion for a temporary injunction is in all respects granted. Bond $500.
Settle order on notice.